IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROXANNE BASILIO,

          Plaintiff,                    No. CIV S-09-3527 MCE EFB PS

    vs.

TDR SERVICING, LLC, a limited liability corporation; INDYMAC, a corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC., a corporation; and DOES 1 through 100, inclusive,

                                    ORDER AND ORDER TO SHOW CAUSE

          Defendants.
_____/

       This case is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On December 22, 2009, plaintiffs filed a complaint, a motion to proceed in this action in forma pauperis, and a motion for a temporary restraining order. Dckt. Nos. 1, 2. On December 24, 2009, plaintiff paid the filing fee.[1]

       On December 28, 2009, the court issued its initial scheduling order. Dckt. No. 9. That order directed plaintiff to complete service of process within 120 days, *see* Federal Rule of Civil

---

[1] On December 29, 2009, the undersigned issued an order denying plaintiff's application to proceed in forma pauperis as moot and recommending that plaintiff's motion for a temporary restraining order be denied. Dckt. No. 10. The district judge issued an order adopting the findings and recommendations on April 13, 2010. Dckt. No. 11.

1

Procedure ("Rule") 4(m), and set a scheduling conference for April 28, 2010. The order further directed the parties to file status reports no later than fourteen days prior to the April 28, 2010 scheduling conference (by April 14, 2010), and cautioned the parties that failure to obey the federal or local rules or orders of the court could result in sanctions, including a recommendation that the case be dismissed.

The court file reveals that plaintiff has not filed a status report, as required by the December 28, 2009 order, and that plaintiff has not yet effected service of process on defendants. Accordingly, the status conference will be continued and plaintiff will be ordered to show cause why this case should not be dismissed for failure to follow court orders and, if service has not been effected by April 21, 2010, for failure to effect service of process within the time prescribed by Rule 4(m). Fed. R. Civ. P. 4(m); E.D. Cal. L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); *see also* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Failure to timely comply with this order may result in sanctions, including a recommendation that this action be dismissed for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1. The status conference currently scheduled for April 28, 2010, is continued to July 28, 2010, at 10:00 a.m., in Courtroom No. 24.

2. Plaintiff shall show cause, in writing, on or before July 14, 2010, why sanctions should not be imposed for failure to follow court orders and, if service has not been effected by April 21, 2010, for failure to effect service of process within the time prescribed by Rule 4(m).

////

////

2

1    3. Also by July 14, 2010, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's December 28, 2009 order, including the status of service of process.

4. Failure of plaintiff to comply with this order may result in the imposition of sanctions, including a recommendation that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

SO ORDERED.

DATED: April 20, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE